COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

**June 2, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

RAYMOND MITCHELL ) HAWKINS COUNTY
) 03A01-9709-CH-00394
    Plaintiff/Counter- )
    Defendant/Appellant )
)
)
v. ) HON. THOMAS R. FRIERSON,
) CHANCELLOR
)
CAMELOT UTILITY DISTRICT )
FOR HAWKINS COUNTY, TENNESSEE )
)
    Defendant/Counter- )
    Plaintiff/Appellee ) AFFIRMED AND REMANDED

C. CHRISTOPHER RAINES, JR., OF MT. CARMEL FOR APPELLANT

JAMES O. PHILLIPS, III, OF ROGERSVILLE FOR APPELLEE

O P I N I O N

Goddard, P.J.

Plaintiff Raymond Mitchell sues Defendant Camelot

Utility District of Hawkins County, Tennessee. He alleges that

Camelot, in acquiring a quit claim deed[1] from him conveying two

---

[1] At the time the quit claim deed was executed Mr. Mitchell owned 1/6 interest in the property and Edward Watson the other 5/6. The quit claim deed Mr. Mitchell signed was also signed by Mr. Watson, who is not a party to this suit and, apparently, does not contest the validity of the quit claim deed transferring his interest.

tracts of land, one that contains an artesian well and the other equipment in connection with distribution of water to the adjacent area. He contends that as a consideration for the quit claim deed, John Valetta, President of Camelot, represented to him that Camelot would provide water taps for two of his lots free of charge and, upon acquisition of an alternate water source, would re-convey the quitclaimed lots to him.

The Trial Court found adversely to Mr. Mitchell and he appeals, raising the following three issues:

1. Did the Chancery Court err in requiring the Plaintiff to prove by clear and convincing evidence that John Valetta, chief officer of Defendant, made a promise to provide water taps and a water line to Plaintiff in the future as an inducement or consideration for the execution of his deed?

2. Assuming Issue No. 1 is resolved in the affirmative, does failure of the promised consideration amount to fraud so as to require recision of the deed?

3. Must the deed from Plaintiff to Defendant be reformed to provide for reversion of the land to Plaintiff at any point of time in the future, and, if so, upon what conditions would the reversion take place?

As to the first issue, the Trial Court did make reference in his memorandum opinion to clear and convincing evidence when addressing the question of whether Camelot was guilty of fraud. However, it is clear to us that the standard that he applied was a preponderance of the evidence as to the question of failure of consideration. Moreover, in reviewing the

2

record de novo and applying the preponderance of evidence standard, we find that the evidence preponderates against Mr. Mitchell's contentions relative to promises made by Mr. Valetta relative to the water taps and, consequently, the Trial Court acted properly in dismissing his complaint.

Our disposition of issue one renders issue two moot.

Apropos of issue three, the Trial Court found, and his finding is supported by the minutes of the board of Camelot, that its President agreed that in the event Camelot "abandoned or did not need the property" the title to the property would revert to Mr. Mitchell. It is clear that this was a condition of the transfer and a right to which Mr. Mitchell was entitled. Accordingly, Mr. Mitchell may record the Trial Judge's judgment which incorporated his memorandum opinion in the Register of Deeds Office[2] as a muniment of his interest and as notice of third parties of his rights. In light of this, it is unnecessary that the deed be reformed to accomplish this end.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded to the Chancery Court of Hawkins County for such further proceedings as may be necessary and collection of costs below. Costs of appeal are adjudged against Mr. Mitchell and his surety.

---

[2] The indexing of the judgment should show Camelot as grantor and Mr. Mitchell as grantee.

3

_____
Houston M. Goddard, P.J.


CONCUR:


_____
Herschel P. Franks, J.


_____
William H. Inman, Sr.J.